```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

KATHALINA MONACELLI,

                    Plaintiff

vs.                              Case No.  2:08-cv-174-FtM-99SPC

THE UPS STORE, MAIL BOXES, ETC, INC., UNITED PARCEL SERVICE, INC., INTERNATIONAL BROTHERHOOD OF TEAMSTERS,

                    Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendant International Brotherhood of Teamsters' Rule 12(b)(6) Motion to Dismiss (Doc. #27) filed on April 29, 2008, defendant Mediterra Group, Inc. d/b/a The UPS Store's Rule 12(b)(6) Motion to Dismiss Complaint (Doc. #44) filed on May 15, 2008, and defendants Mail Boxes Etc., Inc and United Parcel Service, Inc.'s Motion to Dismiss The Complaint (Doc. #45) filed on May 15, 2008.  Plaintiff filed a Response (Doc. #46) on May 22, 2008.  Also before the Court is plaintiff's Motion to Strike (Doc. #57) defendants' motions to dismiss, defendants' Responses (Docs. #58, #60), plaintiff's Motion to Strike (Doc. #62) defendants' responses, and defendants' Response (Doc. #63).

**I.**

    In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them

in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing FED. R. CIV. P. 8). See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citations omitted); Erickson v. Pardus, 127 S. Ct. at 2200; Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1959. Plaintiff must plead enough facts to state a plausible basis for the claim. Id.

**II.**

The Complaint (Doc. #1), filed on March 4, 2008, is brought as an employment discrimination action under various statutes, including the Civil Rights Act of 1964, the Americans with

Disabilities Act of 1990, the Clayton Antitrust Act, the Federal Trade Commission Act, and the Labor-Management Reporting and Disclosure Act.  Plaintiff generally alleges a failure to hire and that the conduct was discriminatory on the basis of her skin color, religion, ethnic background, gender, status as a parent, and disability.  (Doc. #1, ¶ 5.)  More specifically, plaintiff alleges that she completed an application for employment on a Monday for the open positions advertised for the UPS Store.  Plaintiff was told that the chosen candidate would be contacted by phone by Friday.  Plaintiff was never contacted.  Plaintiff received a Dismissal and Notice of Rights (Doc. #1-2) from the U.S. Equal Employment Opportunity Commission (EEOC) notifying plaintiff of her right to file a lawsuit on December 6, 2007.

Plaintiff alleges that since United Parcel Service (UPS) uses a Mark, antitrust laws apply and have been violated by its failure to hire.  Plaintiff alleges that UPS is the parent corporation and Mail Boxes, Etc. is a subsidiary and now known as The UPS Store.  Plaintiff further alleges that since UPS is a franchisor, its franchise agreement supports personal liability of the employees.

Plaintiff alleges that International Brotherhood of Teamsters (Teamsters) is a labor union that protects the rights of UPS employees, and that the union failed to protect plaintiff from the discrimination.  Plaintiff alleges that she can be considered a non-paying union member because of her current and past type of work.

**III.**

**A.  International Brotherhood of Teamsters**:

The Teamsters argue that plaintiff has failed to state a claim for relief, and the discrimination claims must be dismissed because plaintiff failed to receive a right-to-sue letter from the EEOC.

"Before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party within 180 days[1] of the alleged discrimination and receive statutory notice of the right to sue the respondent named in the charge."  Pinkard v. Pullman-Standard, Div. of Pullman, Inc., 678 F.2d 1211, 1215 (5th Cir. 1982)(Unit B)[2](citations omitted); 42 U.S.C. § 2000e-5(f)(1).  The Notice of Suit Rights is a statutory precondition to filing suit, Forehand v. Florida State Hosp., 89 F.3d 1562, 1569-70 (11th Cir. 1996), and the procedural requirement applies for suits brought under the ADA as well, Maynard v. Pneumatic Prods. Corp., 256 F.3d 1259, 1262 (11th Cir. 2001).  See also 42 U.S.C. § 12117(a).  In this case, plaintiff did not receive a Notice of Suit Rights letter from the EEOC to file a Title VII claim or a claim under the ADA.

---

[1] This period is 300 days in a deferral state such as Florida if the charge of discrimination is also filed with the Florida Commission on Human Relations.  Maynard v. Pneumatic Prods. Corp., 256 F.3d 1259, 1262-63 (11th Cir. 2001).

[2] In Stein v. Reynolds Secur., Inc., 667 F.2d 33, 34 (11th Cir. 1982) the Eleventh Circuit adopted as binding precedent all of the post-September 30, 1981 decisions of Unit B of the former Fifth Circuit.

Therefore, the motion to dismiss will be granted as to these claims.

Additionally, as stated by the Teamsters and conceded by plaintiff in the Complaint, Monacelli is not a member of the union. A "member" is defined as a person "who has fulfilled the requirements for membership in such organization." 29 U.S.C. 402(o). The Labor-Management Reporting and Disclosure Act of 1959 was enacted to "protect employees' rights to organize, choose their own representatives, bargain collectively, . . . ." 29 U.S.C. § 401(a). Plaintiff was and is <u>not</u> a member of the union and was not trying to become a member of a union, therefore the Act has no application to her claims of discrimination and this claim will also be dismissed.

**B. Mediterra Group, Inc. d/b/a The UPS Store**:

Defendant argues that plaintiff fails to state a claim, that it is not an employer with 15 or more employees, that the claim under the Clayton Act should be dismissed with prejudice, and that the Federal Trade Commission Act and the Labor Management Reporting and Disclosure Act do not apply.

For a Title VII claim, using a burden-shifting framework, plaintiff must show "(1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees outside of her protected class more favorably than she was treated; and (4) she was qualified to do the job." Burke-Fowler v. Orange County, Fla., 447 F.3d 1319,

1323 (11th Cir. 2006). See also Anderson v. UPS, 248 Fed. Appx. 97, 99 (11th Cir. 2007)(citations omitted). To the extent that the claim is for the failure to hire, the same burden-shifting framework is applied and plaintiff must demonstrate that (1) she belongs to a protected class, (2) that she was qualified for the position for which the defendant was taking applications, (3) despite her qualifications she was rejected, and (4) after the rejection, the defendant continued to seek applications from persons of her qualifications. Turnes v. Amsouth Bank, N.A., 36 F.3d 1057, 1061 n.7 (11th Cir. 1994).

The same burden-shifting analysis under Title VII is applied to claims of discrimination under the ADA. Holly v. Clairson Indus., L.L.C., 492 F.3d 1247, 1255 (11th Cir. 2007). Under the ADA, plaintiff must show (1) she is disabled, (2) a qualified individual, and (3) that she was subjected to unlawful discrimination because of her disability. Greenberg v. BellSouth Telecomms., Inc., 498 F.3d 1258, 1263-64 (11th Cir. 2007).

As correctly argued by defendant, plaintiff's Complaint is insufficiently pled under both Title VII and the ADA. The Court finds no allegations specifically identifying Monacelli's skin color, religion, ethnic background, gender, status as a parent, or disability[3] to support her claim of discrimination. Plaintiff also

---

[3]Defendant UPS Store notes that plaintiff's ADA claim is actually based on the disability of her child, however, the Complaint does not specifically allege such facts and the
(continued...)

fails to specifically address how each defendant is individually responsible for the discrimination and on what basis, or that plaintiff was actually qualified for the position. Additionally, there is no allegation that the UPS Store qualifies as an employer, which, based on the Dismissal and Notice of Rights (Doc. #1-2), it is apparent plaintiff cannot show.

The Clayton Act, 15 U.S.C. § 12, permits suits by persons injured in their business or property "by reason of anything forbidden in the antitrust laws." 15 U.S.C. § 15. Plaintiff has not asserted a violation of the Clayton Act under the facts presented for discrimination by the UPS Store. Therefore, this claim will be dismissed.

The allegations under the Federal Trade Commission Act and the Labor Management Reporting and Disclosure Act do not appear to be directed to the UPS Store, however, to the extent they are the motion is granted and these claims are also dismissed.

Plaintiff will be provided one opportunity to amend the Complaint to properly allege a claim of discrimination if she can do so. Due to plaintiff's *pro se* status, the Court will provide plaintiff some guidelines. Plaintiff must name as Defendants only those persons or entities who are responsible for the alleged discrimination. It is improper for Plaintiff to merely list the federal rights and/or statutes. Plaintiff must provide support in

---

³(...continued)
Application (Doc. #17) was stricken. (Docs. #44, p. 4 n.1; #19.)

the statement of facts for the claimed violations. Further, in the body of the "Amended Complaint", plaintiff should clearly describe <u>how each named defendant</u> is involved in the alleged claim. Plaintiff must provide support in the statement of facts for the claimed violations. More than conclusory and vague allegations are required to state a cause of action. Plaintiff must also state which defendants are being sued for each particular count of the Amended Complaint.

**C. Mail Boxes Etc., Inc. and United Parcel Service, Inc.:**

As a preliminary matter, as argued by defendants, the Court notes that the Dismissal and Notice of Rights (Doc. #1-2) pertains to the UPS Store only. Therefore, for the reasons stated above for the Teamsters, the Court finds the motion to dismiss is due to be granted for failure to meet the statutory pre-suit condition of receiving a right-to-sue letter from the EEOC. In the alternative, plaintiff has also failed to state a claim for discrimination under Title VII and the ADA for the reasons stated above for the UPS Store. Additionally, it appears that the UPS Store is a franchisee of UPS and not wholly owned by UPS or Mail Boxes Etc.

Title 16, Part 436 of the Code of Federal Regulations addresses a franchisor's obligations and has no applicability to plaintiff, who is not a franchisor or franchisee. Therefore, any claim under this Title will also be dismissed. The allegations under the Clayton Act and the Labor Management Reporting and Disclosure Act do not appear to be directed to UPS, however, to the

-8-

extent they are the motion is granted and these claims are also dismissed.

### IV.

Plaintiff moves to strike the motions to dismiss and the responses to her motion to strike. Plaintiff fails to provide a basis to strike the documents and the motions to strike will be denied and construed as unsolicited replies.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Defendant International Brotherhood of Teamsters' Rule 12(b)(6) Motion to Dismiss (Doc. #27) is **GRANTED**.

2. Defendant Mediterra Group, Inc. d/b/a The UPS Store's Rule 12(b)(6) Motion to Dismiss Complaint (Doc. #44) is **GRANTED**.

3. Defendants Mail Boxes Etc., Inc and United Parcel Service, Inc.'s Motion to Dismiss The Complaint (Doc. #45) is **GRANTED**.

4. Plaintiff's Motion to Strike (Doc. #57) defendants' motions to dismiss is **DENIED**.

5. Plaintiff's Motion to Strike (Doc. #62) defendants' responses is **DENIED**.

6. Plaintiff's Complaint is **dismissed** without prejudice to filing an Amended Complaint within **TWENTY (20) DAYS** of this Opinion and Order in compliance with the directions provided above and limited to the claims under Title VII and the ADA. **The failure to**

**file an Amended Complaint will result in the entry of judgment and closure of the case without further notice.**

    **DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of January, 2009.

                                                  JOHN E. STEELE
                                                  United States District Judge

Copies:
Parties of record